# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID MADDOX,<br><br>          Plaintiff,<br><br>    v.<br><br>JAMES A. YATES, et al.,<br><br>          Defendants.<br>_____/ | CASE NO. 1:07-cv-01227-MJS PC<br><br>**PRETRIAL ORDER**<br><br>(ECF Nos. 55 and 58)<br><br>**Telephonic Trial Confirmation Hearing:** 02/17/2012, at 11:00 a.m. in Courtroom 6 (MJS)<br><br>**Motions in Limine Deadline:** 03/8/2012<br><br>**Oppositions to Motions in Limine Deadline:** 03/21/2012<br><br>**Other Pretrial Submissions:** 03/23/2012<br><br>**Jury Trial:** 04/05/2012 at 9:30 a.m. in Courtroom 6 (MJS) |

Plaintiff David Maddox, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on August 23, 2007.

This action proceeds on Plaintiff's original complaint against Defendant Battle, only, for use of excessive physical force in violation of the Eighth Amendment of the United States Constitution.[1]  Plaintiff's claim arises from an incident asserted to have occurred

---

[1] On September 4, 2009, Plaintiff notified the Court of his willingness to proceed only against Defendants Battle, Ladd, and Vang on the cognizable excessive force claim found in his Complaint. (ECF No. 13.) On November 10, 2009, the Court dismissed defendant Yates and Plaintiff's claims for conspiracy and due process violations. (ECF No. 19.) On November 2, 2010, Defendants Battle, Ladd, and Vang filed a motion for summary judgment. (ECF No. 30.) After reviewing the motion and Plaintiff's

1

on August 18, 2005 , at Pleasant Valley State Prison ("PVSP").

## I.  Jurisdiction and Venue

The Court has subject matter jurisdiction over this federal civil rights action. 28 U.S.C. § 1331. Venue is proper because the conduct allegedly occurred in this judicial district.

## II.  Jury Trial

Plaintiff requested a trial by jury in his Complaint. Defendant Battle timely requested a trial by jury in her answer. This action shall be tried by a jury of eight.

## III.  Facts and Evidentiary Issues

### A.  Undisputed Facts

1. In August 2005, Plaintiff was a prisoner and Defendant Battle was a correctional officer at PVSP.
2. On August 18, 2005, Plaintiff and another inmate were involved in an altercation.
3. Officer Martinez arrived, stood next to Plaintiff, and told him to put his hands behind his back to be handcuffed.
4. Defendant Battle sprayed Plaintiff with OC pepper-spray.
5. Plaintiff was restrained and placed in a holding cell in the medical clinic.
6. Defendant Battle was acting under color of law at the time of the above incident. (Defendant so stipulated during the pre-trial conference.)

### B.  Disputed Facts

1. Whether Plaintiff attempted to get up after Defendant Battle ordered him to get down on the ground.
2. Whether Defendant Battle at the time she pepper-sprayed Plainitff

---

opposition, the Court partially granted the motion and dismissed Plaintiff's claim of excessive force against Defendants Vang and Ladd. (ECF Nos. 36 & 43.) As a result of the foregoing, Plaintiff's claims of conspiracy and due process violations, as well as his claims against Defendants Vang, Yates, and Ladd are no longer at issue in this action. **Plaintiff's action proceeds on his excessive force claim against Defendant Battle only.**

reasonably perceived that Plaintiff was attempting to assault Officer Martinez.

    3.    Whether Plaintiff sustained any injury from the pepper spray beyond temporary discomfort .

### C. Disputed Evidentiary Issues

Defendant Battle objects to Plaintiff introducing witness declarations into evidence on the ground that they constitute inadmissible hearsay.

## IV. Relief Sought

Plaintiff is seeking $100,000.00 in compensatory damages and $100,000.00 in punitive damages.

Defendant Battle seeks judgment in her favor and costs.

## V. Points of Law

### A. Eighth Amendment Excessive Force Claim

The Cruel and Unusual Punishments Clause of the Eighth Amendment protects prisoners from the use of excessive physical force. Wilkins v. Gaddy, ___ U.S. ___, ___, 130 S.Ct. 1175, 1178 (2010) (per curiam); Hudson v. McMillian, 503 U.S. 1, 8-9, 112 S.Ct. 995 (1992). What is necessary to show sufficient harm under the Eighth Amendment depends upon the claim at issue, with the objective component being contextual and responsive to contemporary standards of decency. Hudson, 503 U.S. at 8 (quotation marks and citations omitted). For excessive force claims, the core judicial inquiry is whether the force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm. Wilkins, ___ U.S. at ___, 130 S.Ct. at 1178 (quoting Hudson, 503 U.S. at 7) (quotation marks omitted).

Not every malevolent touch by a prison guard gives rise to a federal cause of action. Wilkins, ___ U.S. at ___, 130 S.Ct. at 1178 (quoting Hudson, 503 U.S. at 9) (quotation marks omitted). Necessarily excluded from constitutional recognition is the de minimis use of physical force, provided that the use of force is not of a sort repugnant to the conscience

3

of mankind. Wilkins, ___ U.S. at ___, 130 S.Ct. at 1178 (quoting Hudson, 503 U.S. at 9-10) (quotations marks omitted).  In determining whether the use of force was wanton and unnecessary, courts may evaluate the extent of the prisoner's injury, the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response.  Hudson, 503 U.S. at 7 (quotation marks and citations omitted).

While the absence of a serious injury is relevant to the Eighth Amendment inquiry, it does not end it.  Hudson, 503 U.S. at 7.  The malicious and sadistic use of force to cause harm always violates contemporary standards of decency.  Wilkins, ___ U.S. at ___, 130 S.Ct. at 1178 (quoting Hudson, 503 U.S. at 9) (quotation marks omitted).  Thus, it is the use of force rather than the resulting injury which ultimately counts.  Id. at 1178.

### B.     Punitive Damages

Plaintiff has the burden of proving what, if any, punitive damages should be awarded by a preponderance of the evidence. NINTH CIRCUIT MODEL CIVIL JURY INSTRUCTIONS § 5.5 (2008).  The jury must find that Defendant's conduct was "motivated by evil motive or intent, or . . . involves reckless or callous indifference to the federally protected rights of others." Smith v. Wade, 461 U.S. 30, 56, 103 S.Ct. 1625 (1986).  Acts or omissions which are malicious, wanton, or oppressive support an award of punitive damages.  Dang v. Cross, 422 F.3d 800, 807-08 (9th Cir. 2005).

### C.     Qualified Immunity

Government officials enjoy qualified immunity from civil damages unless their conduct violates "clearly established statutory or constitutional rights of which a reasonable person would have known."  Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S.Ct. 2727 (1982).  "Qualified immunity balances two important interests - the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably,"

Pearson v. Callahan, 555 U.S. 223, ___, 129 S.Ct. 808, 815 (2009), and it protects "all but the plainly incompetent or those who knowingly violate the law," Malley v. Briggs, 475 U.S. 335, 341, 106 S.Ct. 1092 (1986).

In resolving a claim of qualified immunity, courts must determine whether, taken in the light most favorable to the plaintiff, the defendant's conduct violated a constitutional right, and if so, whether the right was clearly established. Saucier v. Katz, 533 U.S. 194, 201, 121 S.Ct. 2151, 2156 (2001); Mueller v. Auker, 576 F.3d 979, 993 (9th Cir. 2009). While often beneficial to address in that order, courts have discretion to address the two-step inquiry in the order they deem most suitable under the circumstances. Pearson, 555 U.S. at ___, 129 S.Ct. at 818 (overruling holding in Saucier that the two-step inquiry must be conducted in that order, and the second step is reached only if the court first finds a constitutional violation); Mueller, 576 F.3d at 993-94.

### D. Federal Rules of Evidence

Federal Rules of Evidence 608 and 609 provide that evidence of a witness' prior felony conviction or instance of conduct demonstrating a propensity to lie may be used to impeach that witness' testimony. Federal Rule of Evidence 404(b) provides that evidence of prior crimes, wrongs, or acts cannot be used to prove the character of the person in order to show conduct in conformity with that character trait. Such prior acts may be admissible for other purposes only, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. Id.

## VI. Abandoned Issues

None.

## VII. Witnesses

The following is a list of witnesses that the parties expect to call at trial, including rebuttal and impeachment witnesses. NO WITNESS, OTHER THAN THOSE LISTED IN THIS SECTION, MAY BE CALLED AT TRIAL UNLESS THE PARTIES STIPULATE OR

UPON A SHOWING THAT THIS ORDER SHOULD BE MODIFIED TO PREVENT "MANIFEST INJUSTICE." Fed. R. Civ. P. 16(e); Local Rule 281(b)(10).

    **A.**    **Plaintiff's Witnesses**[2]

        1.    Inmate Anthony Williams (J-72069)

        2.    Inmate Jeffrey Swan (C-48494)

        3.    Inmate Albert Fuller (J-56198)[3]

        4.    Inmate Ravon Good (D-28524)

        5.    Correctional Officer Franco

        6.    Correctional Officer Vang

        7.    Officer Navarro

    **B.**    **Defendant Battle's Witnesses**[4]

        1.    Defendant Battle

        2.    F. Martinez

        3.    C. Vang

        4.    J. Carr

        5.    D. Temple

        6.    H. Forester

        7.    A. Carpenter

---

[2] Plaintiff has filed a motion for the attendance of incarcerated witnesses and a motion regarding witnesses unwilling to testify, but he did not identify the individual witnesses in his pretrial statement. (ECF Nos. 53-55.) Said witnesses nevertheless have been included in Section VII. A. of this pretrial order.

[3] Defendant Battle objects to inmates Fuller and Good testifying at trial because both have indicated they will not testify voluntarily and because the testimony they might offer would be duplicative of that expected from other inmates Plaintiff wishes to call. Inasmuch as Plaintiff did not during the Pre-Trial Conference or otherwise identify non-duplicative testimony expected from these witnesses, Defendant's objection is sustained without prejudice to Plaintiff renewing his request for their testimony at trial upon a showing that their testimony wouould be supportive of Plaintiff's claims and would not be duplicative.

[4] Witnesses the defense plans to call shall be present on April 5, 2012 at 9:30 a.m. and be available for Plaintiff to call for direct examination.

       8.      Custodians of Maddox's central file and medical records[5]

       9.      Custodians of inmate witnesses' prison records

## VIII. Exhibits

The following is a list of documents or other exhibits that the parties expect to offer at trial.  NO EXHIBIT, OTHER THAN THOSE LISTED IN THIS SECTION, MAY BE ADMITTED UNLESS THE PARTIES STIPULATE OR UPON A SHOWING THAT THIS ORDER SHOULD BE MODIFIED TO PREVENT "MANIFEST INJUSTICE."  Fed. R. Civ. P. 16(e); Local Rule 281(b)(11).

### A. Plaintiff's Exhibits

Plaintiff did not list any exhibits in his Pretrial Statement.

### B. Defendant Battle's Exhibits

    1.    Abstracts of Judgment of Plaintiff and any inmate witnesses

    2.    Plaintiff's probation officer's report

    3.    CDC 112-Chronological History of Plaintiff and any inmate witnesses

    4.    Rule Violation Report, 05-FC-05-023, dated May 15, 2005

    5.    Incident reports for altercation on August 19, 2005

    6.    CDC 7219 medical report for altercation on August 19, 2005

    7.    Plaintiff's medical records from 2005

    8.    Disciplinary records of any inmate witnesses

## IX. Discovery Documents To Be Used At Trial (Answers To Interrogatories And Responses To Requests For Admissions)

Defendant Battle may offer portions of Plaintiff's deposition testimony.

////

---

[5] There being no substantive objection from Plaintiff, Defendant's request that the custodians of records be permitted to authenticate documents by declarations to avoid the unnecessary time and expense of their appearance at trial is granted..

**X.     Further Discovery or Motions**

None.

Even though discovery is closed, all parties are reminded of their continuing obligation to update all discovery responses previously made if that party becomes aware of new information or becomes aware that an answer in a previous response is incomplete or incorrect. Fed. R. Civ. P. 26(e)(1).

**XI.    Stipulations**

Defendant Battle requests that the Court permit the custodians of records to authenticate documents by their declarations to avoid the unnecessary time and expense of their appearance at trial.

Defendant Battle also wishes to stipulate that the parties need not introduce evidence to prove any undisputed fact as set forth above.

**XII.   Amendments/Dismissals**

None.

**XIII.  Settlement Negotiations**

Defendant Battle is willing to waive costs for Plaintiff's voluntary dismissal of this action. Reportedly, Plaintiff seeks far more.

**XIV.   Agreed Statement**

None.

**XV.    Separate Trial Of Issues**

The Court will bifurcate the issue of punitive damages. If the jury finds Defendant Battle liable for punitive damages, the Court will conduct a second phase of trial on the amount of punitive damages.

**XVI.   Impartial Experts**

None.

/////

## XVII. Attorney's Fees

If Defendant Battle prevails, she will seek reasonable attorney's fees and costs as permitted by statute.

Plaintiff is proceeding pro se and may not seek attorney's fees. Kay v. Ehrler, 499 U.S. 432, 435, 111 S.Ct. 1435 (1991); Gonzales v. Kangas, 814 F.2d 1411, 1412 (9th Cir. 1987).

## XVIII. Further Trial Preparation

### A. Motions In Limine Hearing and Briefing Schedule

Any party may file a motion in limine. The purpose of a motion in limine is to establish in advance of the trial that certain evidence should not be offered at trial. Although the Federal Rules do not explicitly provide for the filing of motions in limine, the Court has the inherent power to hear and decide such motions as a function of its duty to expeditiously manage trials by eliminating evidence that is clearly inadmissible for any purpose. Luce v. United States, 469 U.S. 38, 41 n. 4 (1984); Jonasson v. Lutheran Child and Family Services, 115 F. 3d 436, 440 (7th Cir. 1997). The Court will grant a motion in limine, and thereby bar use of the evidence in question, only if the moving party establishes that the evidence clearly is not admissible for any valid purpose. Id.; Hawthorne Partners v. AT & T Technologies, Inc., 831 F. Supp. 1398, 1400 (N.D. Ill. 1993).

All motions in limine must be served on the other party/parties, and filed with the Court, by **March 8, 2012**. Any motion in limine must clearly identify the nature of the evidence that the moving party seeks to prohibit the other side from offering at trial.

Any opposition to a motion in limine must be served on the other party/parties, and filed with the Court, by **March 21, 2012**.

If any party files a motion in limine, the Court will hear such argument, if any, it dems necessary and decide such motions on the day of trial, **April 5, 2012, at 9:30 a.m.**

**Whether or not a party files a motion in limine, that party may still object to the introduction of evidence during the trial.**

### B. Other

The parties are relieved of their obligation under Local Rule 285 to file trial briefs. If they nevertheless wish to file briefs, they must do so on or before **March 23, 2012**.

The Court will prepare the verdict form and give the parties an opportunity to review it on the morning of trial. If the parties wish to submit a proposed verdict form for consideration, they must do so on or before **March 23, 2012**.

The Court will prepare the jury instructions for the parties review on the morning of trial. Defendant Battle shall file proposed jury instructions as provided in Local Rule 163 on or before **March 23, 2012**. If Plaintiff wishes to file proposed jury instructions, he must do so on or before **March 23, 2012**.

In selecting proposed instructions, the parties shall use Ninth Circuit Model Civil Jury Instructions to the extent possible. All jury instructions must be submitted in duplicate: One set will indicate which party proposes the instruction, with each instruction numbered or lettered, and containing citation of supporting authority, and the customary legend, i.e., "Given, Given as Modified, or Refused," showing the Court's action, with regard to each instruction. One set will be an exact duplicate of the first, except it will not contain any identification of the party offering the instruction or supporting authority or the customary legend of the Court's disposition. Defendant Battle shall provide the Court with a copy of her proposed jury instructions via e-mail at: mjsorders@caed.uscourts.gov.

Proposed voir dire questions, if any, shall be filed on or before **March 23, 2012**. Local Rule 162.1.

The parties may serve and file a non-argumentative, brief statement of the case suitable for reading to the jury at the outset of jury selection on or before **March 23, 2012**. The Court will consider the parties' statements but will draft its own statement. The parties

will be provided with the opportunity to review the Court's prepared statement on the morning of trial.

The original and five copies of all trial exhibits along with exhibit lists shall be submitted to Courtroom Deputy Laurie Yu no later than **March 23, 2012**. Plaintiff's exhibits shall pre-marked with numbers preceded by the designation "P-___" (e.g., P-1, P-2). Defendant Battle's exhibits shall be pre-marked with letters preceded by the designation "D-___" (e.g. D-A, D-B).

**The parties are required to meet and confer, by telephone or other means, to agree upon and identify their joint exhibits, if any.** Joint exhibits must be pre-marked with numbers preceded by the designation "J-___" (e.g., J-1, J-2), and Defendant Battle's counsel shall submit the original and five copies of the joint trial exhibits, with exhibit lists, no later than **March 23, 2012**.

If Defendant Battle wishes to use a videotape or a DVD for any purpose during trial, she shall submit a copy of the videotape or DVD to Courtroom Deputy Laurie Yu by 4:00 p.m. on **March 23, 2012**.[6] If a written transcript of audible words on the tape is available, the Court requests that the transcript be submitted to the Courtroom Deputy along with the videotape or DVD, solely for the aid of the Court.

If counsel intends to use a laptop computer for presentation of evidence or intends to use any other audio/visual equipment belonging to the Court, he shall contact Courtroom Deputy Laurie Yu at least one week prior to trial so that any necessary arrangements and/or training may be scheduled.

/////
////
////

---

[6] Admissibility of any videotape or DVD is subject to the Federal Rules of Evidence.

### XIX. Objections to Pretrial Order

Any party may, on or before **February 29, 2012**, file and serve written objections to any of the provisions of this Order. Such objections shall specify the requested modifications, corrections, additions or deletions.

### XX. Rules of Conduct During Trial

#### A. General Rules

1. All participants in the trial shall conduct themselves in a civil manner. There shall be no hostile interchanges between any of the participants.

2. All oral presentations shall be made from the podium, unless otherwise permitted by the Court.

3. Sidebar conferences are discouraged. Legal arguments or discussion of issues outside the presence of the jury should be done during recesses.

4. Counsel shall advise their respective clients and witnesses not to discuss any aspect of the case in the common areas of the courthouse accessible to the jurors, such as the lobby, the elevators, the hallways and the cafeteria.

#### B. Jury Selection

The Court will conduct voir dire to be supplemented by any written questions submitted by counsel prior to trial and after the Court has concluded its questioning of the jury panel. In some circumstances, the Court may allow brief direct questioning by counsel.

#### C. Opening Statements

Counsel may use visual aids in presenting the opening statement. However, any proposed visual aids shall be shown to opposing counsel before opening statement.

**D.     Case in Chief**

1. Counsel shall have his/her witnesses readily available to testify so that there are no delays in the presentation of evidence to the trier of fact.
2. At the close of each trial day, counsel shall disclose his/her anticipated witnesses and order of presentation for the next day, so that any scheduling or evidentiary issues may be raised at that time.

**E.     Witnesses**

1. Before approaching a witness, counsel shall secure leave of Court to approach the witness.
2. Before approaching a witness with a writing, counsel shall first show the writing to opposing counsel.

**F.     Exhibits**

1. All exhibits shall be marked and identified in accordance with the instructions in the Pretrial Order.
2. An exhibit shall not be published to the jury until it has been admitted into evidence and counsel has secured leave of Court to publish the exhibit.
3. The Court usually will conduct an on the record review of the exhibits that have been admitted in evidence at the conclusion of each party's case in chief and after each party has rested its entire case.

**G.     Objections**

1. No speaking objections or arguments are permitted in the presence of the jury.  Counsel shall state the specific legal ground(s) for the

objection, and the Court will rule based upon the ground(s) stated. The Court will permit counsel to argue the matter at the next recess.

2. The Court will not assume that any objection made also implies with it a motion to strike an answer that has been given. Therefore, counsel who has made an objection, and who also wishes to have an answer stricken, shall also specifically move to strike the answer.

### H. Closing Argument

Counsel may use visual aids in presenting the closing argument. However, any proposed visual aids shall be shown to opposing counsel before closing argument.

**FAILURE TO COMPLY WITH ALL PROVISIONS OF THIS ORDER MAY BE GROUNDS FOR THE IMPOSITION OF SANCTIONS ON ANY AND ALL COUNSEL AS WELL AS ON ANY PARTY WHO CAUSES NON-COMPLIANCE WITH THIS ORDER**

IT IS SO ORDERED.

Dated:   February 17, 2012              /s/ *Michael J. Seng*
                                        UNITED STATES MAGISTRATE JUDGE