# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID MADDOX,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>JAMES A. YATES, et al.,<br><br>　　　　　Defendants.<br>_____/ | CASE NO. 1:07-cv-01227-MJS PC<br><br>ORDER PARTIALLY GRANTING PLAINTIFF'S MOTIONS FOR WITNESSES<br><br>(ECF Nos. 53, 54, 65) |

This action is set for jury trial on April 5, 2012, before the Honorable Michael J. Seng. Plaintiff has filed several motions regarding the attendance of incarcerated and unincarcerated witnesses. (ECF Nos. 53, 54, 65.) On January 26, 2012, Plaintiff filed a motion for the attendance of incarcerated witnesses and a motion[1] for the attendance of unincaercerated witnesses. (ECF Nos. 53 & 54.) Defendant Battle has filed an opposition to these motions. (ECF No. 59.) On March 5, 2012, Plaintiff filed another motion for the attendance of unincarcerated witnesses. (ECF No. 65.) Plaintiff's motions are now before the Court.

## I.　MOTION FOR ATTENDANCE OF INCARCERATED WITNESSES

On January 26, 2012, Plaintiff filed a motion for the attendance of incarcerated

---

[1] Plaintiff labeled this motion as "motion for attendance of witnesses not willing to testify," and included two incarcerated witnesses in this motion. (ECF No. 54.) The incarcerated witnesses will be dealt with in connection with Plaintiff's motion for incarcerated witnesses. (ECF No. 53.)

1

witnesses.  (ECF No. 53.)  Defendant Battle filed opposition to this motion (ECF No. 59). Defendant Battle argues that two of Plaintiff's five proposed incarcerated witnesses have expressed reluctance to testify at trial and that, in any event, their testimony is duplicative of expected testimony from witnesses willing to testify.  (Id.)

Plaintiff's motion to have all five incarcerated witnesses attend trial is denied because the proposed testimony from these witnesses is cumulative.  See Zivkovic v. Southern California Edison Co., 302 F.3d 1080, 1088 (9th Cir. 2002) (trial courts have wide discretion to limit the presentation of cumulative evidence); Cummings v. Adams, No. CV F 03 5294 DLB, 2006 WL 449095, *3 (E.D.Cal. Feb. 12, 2006) (proposed inmate witnesses limited to three of six due to cumulativeness).  Plaintiff has suggested no reason why he might  need more than three eyewitnesses (if that many) to the same incident.  The Court can think of no reason.

Accordingly, Plaintiff's motion for the attendance of incarcerated witnesses (ECF No. 53) is partially GRANTED and partially DENIED.  Plaintiff will be permitted to bring Anthony Williams, Wrainey Farmer, and Jeffrey Swan to Court, but not Albert Fuller or Ravon Good. The Court will issue a Writ for Transportation ad Testificandum for Anthony Williams, Wrainey Farmer, and Jeffrey Swan .

**II.    MOTION FOR ATTENDANCE OF UNINCARCERATED WITNESSES**

On January 26, 2012, Plaintiff filed a motion to have three unincarcerated employees of Pleasant Valley Prison testify at trial.  (ECF No. 54.)

On February 16, 2012, the Court issued an Order notifying Plaintiff that for each witness, he must submit to the Court no later than March 5, 2012,  a money order in the amount of $107.73 made payable to each witness he wants subpoenaed.  (ECF No. 60.) Plaintiff has not submitted any money orders.

Accordingly, Plaintiff's motion for unincarcerated witnesses (ECF No. 54) is DENIED.  The Court will not issue subpoenas to these individuals.  In the event that they appear on their own volition, Plaintiff will be permitted to take their testimony.

**III.    MOTION FOR ADDITIONAL UNINCARCERATED WITNESSES**

1  On March 5, 2012, Plaintiff submitted a motion to bring three additional
2 unincarcerated witnesses to trial. (ECF No. 65.)
3  After Plaintiff failed to meet the February 10, 2012 deadline to submit money orders
4 for unincarcerated witness fees (ECF No. 48), the Court extended the deadline to March
5 5, 2012 (ECF No. 60), a date that would allow sufficient time for the Court to order the
6 United States Marshall to serve the individuals in time for trial.
7  Plaintiff's new request, if granted, would require another amendment of the
8 Scheduling Order. (ECF No. 48.) Amendment is proper only on a showing of good cause
9 under Federal Rule of Civil Procedure 16. Plaintiff has failed to make any such showing.
10  Accordingly, Plaintiff's motion for additional unincarcerated witnesses (ECF No. 65)
11 is DENIED.
12 IT IS SO ORDERED.
13 Dated:   March 13, 2012         /s/ *Michael J. Seng*
UNITED STATES MAGISTRATE JUDGE