UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID MADDOX,<br><br>        Plaintiff,<br><br>    v.<br><br>JAMES A. YATES, et al.,<br><br>        Defendants.<br>_____/ | CASE NO. 1:07-cv-01227-MJS PC<br><br>ORDER DENYING PLAINTIFF'S MISCELLANEOUS MOTIONS<br><br>(ECF Nos. 98 & 103) |

      Plaintiff David Maddox ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

      A jury trial was held in this case on April 5-6, 2012, before the Honorable Michael J. Seng. Judgement was entered on April 9, 2012 in favor of Defendant Battle and against Plaintiff. (ECF No. 97.) Plaintiff filed a Notice of Appeal on April 17, 2012. (ECF No. 101.)

      On April 13, 2012, Plaintiff filed a "Motion for Leave to Take Deposition to Perpetuate Witness Testimony," in which he asks that he be allowed to take depositions of various prison employees, some of whom allegedly were witnesses to the incident underlying this action. (ECF No. 98). Plaintiff makes this request due to "newly discovered evidence." (Id.)

      On April 25, 2012, Plaintiff filed a "Motion for Transcripts of Entire Proceeding," in which he asks that all transcripts in this matter be produced. (ECF No. 103.)

      Plaintiff's Motions are now before the Court.

## I.  MOTION FOR LEAVE TO TAKE DEPOSITIONS

Pursuant to Fed. R. Civ. P. 27(b)(1), a party may take a deposition after judgement and an appeal has been taken to "perpetuate their testimony for use in the event of further proceedings in that court."  Any party must make a motion to do so, and the motion must include the name, address, and expected substance of the testimony of each deponent as well as the reasons for perpetuating the testimony.  Fed. R. Civ. P. 27(b)(2).

Here, Plaintiff has only provided the names of his proposed deponents.  He has not provided the address and expected substance of the testimony of each proposed deponent.  Nor has he provided the reasons for perpetuating the testimony.  Accordingly, Plaintiff's Motion for Leave to Take Deposition to Perpetuate Witness Testimony is DENIED.

## II.  MOTION FOR TRANSCRIPTS

A litigant who has been granted in forma pauperis status may move to have transcripts produced at government expense.  See 28 U.S.C. § 753(f); McKinney v. Anderson, 924 F.2d 1500, 1511-12 (9th Cir. 1991) (subsequent history omitted).  Two statutes must be considered whenever the district court receives a request to prepare transcripts at the government's expense.  First, 28 U.S.C. § 1915(c) defines the limited circumstances under which the Court can direct the government to pay for transcripts for a litigant proceeding in forma pauperis.

> (c) Upon the filing of an affidavit in accordance with subsections (a) and (b) and the prepayment of any partial filing fee as may be required under subsection (b), the court may direct payment by the United States of the expenses of (1) printing the record on appeal in any civil or criminal case, if such printing is required by the appellate court; (2) preparing a transcript of proceedings before a United States magistrate judge in any civil or criminal case, if such transcript is required by the district court, in the case of proceedings conducted under section 636(b) of this title or under section 3401(b) of title 18, United States Code; and (3) printing the record on appeal if such printing is required by the appellate court, in the case of proceedings conducted pursuant to section 636(c) of this title. Such expenses shall be paid when authorized by the Director of the Administrative Office of the United States Courts.

28 U.S.C. § 1915(c).

Second, 28 U.S.C. § 753(f) allows the Court to order the government to pay for

1  transcripts only if "the trial judge or a circuit judge certifies that the suit or appeal is not
2  frivolous and that the transcript is needed to decide the issue presented by the suit or
3  appeal." 28 U.S.C. § 753(f). A request for a transcript at government expense should not
4  be granted unless the appeal presents a substantial question. <u>Henderson v. United States</u>,
5  734 F.2d 483, 484 (9th Cir. 1984). Based on Plaintiff's notice of appeal, the Court finds
6  that the appeal does not present a substantial question and the request for a transcript at
7  government expense is denied. Plaintiff may renew his request for a transcript at
8  government expense with the appellate court by filing a motion there if he wishes.

9      In addition, Plaintiff is notified that the appellate court has access to the Court's file
10 in this case, and will request any necessary documents that are in the record directly from
11 this Court.

12     Based on the foregoing, Plaintiff's Motion for Transcripts at government expense
13 is DENIED.

17 IT IS SO ORDERED.

18 Dated:   May 7, 2012                    /s/ *Michael J. Seng*
                                          UNITED STATES MAGISTRATE JUDGE

3